IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOE HENRY SCOTT, III,            :
                                :
        Plaintiff,              :
                                :
vs.                             :   CIVIL ACTION 09-0426-KD-M
                                :
SANDRA BOGGAN, et al.,          :
                                :
        Defendants.            :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis* (Doc. 3), filed this § 1983 action.  This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute and to obey the Court's Order (Doc. 21).

A prisoner is obligated to pay the $350.00 filing fee for filing a § 1983 action while he is incarcerated.  *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1).  While Plaintiff was incarcerated, he paid a $1.33 partial filing fee (Doc. 5).  Subsequently, Plaintiff notified the Court of a change in his address which indicated that he was no longer incarcerated (Doc. 20).  Because Plaintiff is still obligated to pay the remainder of the filing fee, *Gay*, 117 F.3d at 242, the Court ordered Plaintiff by February 8, 2010, to pay the remainder of the filing fee,

$348.67, or to file a new motion to proceed without prepayment of fees so the Court could determine a payment schedule for paying the remainder of the filing fee (Doc. 21). Plaintiff was warned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order. Plaintiff's copy of the Court's Order has not been returned to the Court, nor has the Court, to date, heard from Plaintiff since the Order was entered.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, it appears that Plaintiff has abandoned his action thereby subjecting it to dismissal pursuant to the Court's inherent powers. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389-90, 8 L.Ed.2d 112 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert denied,* 549 U.S. 1228 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (indicating that a prisoner's failure to pay the

partial filing fee under § 1915 is a basis for dismissal).

This inherent power is not restricted by Rule 41(b) of the Federal Rules of Civil Procedure, which also authorizes the dismissal of an action as a sanction where there is "a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras,* 465 F.3d at 483; *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

Thus, this action may be dismissed under Rule 41(b) as well because Plaintiff's conduct of failing to respond to the Court's Order, after previously notifying the Court of his "free world" address where the Court's Order was sent and was not returned by postal authorities, is willful conduct warranting the imposition of sanctions.  In considering the sanctions that will address this conduct, and in light of the facts that Plaintiff filed twenty-four actions from July 15, 2009, to December 10, 2009, while he was a prisoner and that after his release from prison his situation more than likely is impecunious, a sanction less than dismissal would not address Plaintiff's conduct and be effective.  *Malautea v. Suzki Motor Co.*, 987 F.2d 1536 (11th Cir.

1993) (finding that bad faith and intransigence could not be remedied by a sanction less than dismissal or default judgment). Accordingly, it is recommended that this action be dismissed without prejudice.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of February, 2010.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

5